UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGUEY POYE-PEREZ,

    Plaintiff,

v.

RALPH DIAZ, et al.,

    Defendants.

Case No. 23-cv-04933-JSC

**ORDER OF SERVICE**

## INTRODUCTION

Plaintiff, a California prisoner, proceeding without an attorney, filed a civil rights action in state court on March 6, 2023. Plaintiff alleged that the defendants violated his rights under the Eighth Amendment and state law by transferring over 100 inmates, some of whom were infected with COVID-19, from the California Institution for Men (CIM) to San Quentin State Prison (SQSP) in May 2020. Defendants removed this action from state court and paid the filing fee, indicating that Plaintiff mailed the Summons and Complaint to the Office of the Attorney General but has not personally served any of the Defendants. Defendants have also requested that the Court screen the complaint. Dkt. No. 4. The case is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a), and service of the complaint on Defendants is ordered.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify viable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by unrepresented parties must be liberally construed. *Balistreri v.*

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

**LEGAL CLAIMS**

Plaintiff names the following defendants:

1. Ralph Diaz, Acting Secretary of CDCR

2. Kathleen Allison, Acting Director of CDCR

3. Ron Davis, SQSP Warden

4. Ronald Broomfield, SQSP Acting Warden

5. A. Pachynski, Chief Medical Officer of SQSP

2

6. J. Arnold, SQSP Captain

7. Dean Borders, CIM Warden

8. Dr. Joseph Bink,[1] Director California Correctional Health Care Services (CCHCS).

Plaintiff alleges Defendants recklessly exposed him to COVID-19 at SQSP and failed to take reasonable measures to safeguard him. On May 30, 2020, CDCR transferred 122 prisoners from CIM, a prison with high COVID rates, to SQSP, where there were no COVID cases. Dkt. No. 1-1 at 10. Defendants failed to quarantine or test the transferring inmates for 3 to 4 weeks prior to the transfer. *Id.* at 10-11. Upon arrival at SQSP, Defendants failed to separate the transferred prisoners, and "staff moved symptomatic inmates around the cell blocks systematically infecting 1,457 inmates in just 29 days." *Id.* at 11.

Plaintiff seeks compensatory and punitive damages and declaratory relief. Dkt. No. 1-1 at 9, 12.

Liberally construed, these allegations state a plausible claim for deliberate indifference to Plaintiff's safety, in violation of the Eighth Amendment, against Defendants. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

## CONCLUSION

1. Defendants' motion to screen the case (Dkt. No. 4) is **GRANTED**.

2. The Clerk is directed to correct the spelling of Defendant Bick's last name by changing it from "Bink" to "Bick" on the Court's electronic case management filing system.

3. The Court ORDERS that service on the following defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

    a. Ralph Diaz, Acting Secretary of CDCR

    b. Kathleen Allison, Acting Director of CDCR

    c. Ron Davis, SQSP Warden

    d. Ronald Broomfield, SQSP Acting Warden

---

[1] The Clerk of the Court is directed to correct the spelling of Defendant Bick's last name from "Bink" to "Bick" on the Court's electronic case management filing system.

    e. A. Pachynski, Chief Medical Officer of SQSP

    f. J. Arnold, SQSP Captain

    g. Dean Borders, CIM Warden

    h. Dr. Joseph Bink, Director California Correctional Health Care Services (CCHCS)

In accordance with the program, the clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 1), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons. The clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the USMS and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The clerk shall provide to the USMS the completed USM-285 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

4. All defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form.

4

5. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than 90 days from the date of this order, Defendants shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies (where such a motion, rather than a motion for summary judgment for failure to exhaust, is appropriate) must be accompanied by a similar notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods*, 684 F.3d at 935 (notice requirement set out in *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

    b. Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

    c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn

testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. *Stratton,* 697 F.3d at 1008-09.

(The *Rand* and *Wyatt/Stratton* notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.      Defendants must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

        e.      The motion shall be deemed submitted as of the date the reply is due. No hearing will be held on the motion unless the court so orders at a later date.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

This Order terminates Docket No. 4.

**IT IS SO ORDERED.**

Dated: November 13, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge